**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re: Case No.: 26-19027-RAM
Chapter 11

OMEGA ROOFING, INC.,
EIN: 65-0518839

Debtor.
_________________________________________/

**DECLARATION OF PROPOSED ATTORNEY FOR DEBTOR IN POSSESSION**

**PETER SPINDEL**, being duly sworn, declares under penalty of perjury that:

1. I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida.

2. I am employed by the law firm of Peter Spindel, Esq., with offices located at 7756 N. Kendall Dr. #207, Miami, FL 33156-8550 (the "Firm").

3. Neither I nor the Firm represent any interest adverse to the Debtor or the estate, and we are disinterested persons as required by 11 U.S.C. § 327(a).

4. Except for the continuing representation of the Debtor, neither I nor the Firm has or will represent any other entity in connection with this case and neither I nor the Firm will accept any fee from any other party or parties in this case except the debtor in possession.

FURTHER DECLARANT SAYETH NAUGHT.

/s/ Peter Spindel
PETER SPINDEL

Copies to:
All parties served with application for employment.

###|3942.2601\omega\omega1.dec

LAW OFFICES
PETER SPINDEL, ESQ., P.A.
ATTORNEY AT LAW
7756 N. Kendall Dr. #207
Miami, FL 33156-8550
Tel/Tex: 786.355.4631
email: peterspindel@gmail.com

# AGREEMENT FOR LEGAL SERVICES IN A CHAPTER 11 BANKRUPTCY REORGANIZATION CASE

This is an Agreement for legal services involving a Chapter 11 bankruptcy matter (hereinafter referred to as the "Bankruptcy Case") entered into between PETER SPINDEL, ESQ. and PETER SPINDEL, ESQ., P.A. (collectively hereinafter referred to as the "ATTORNEY") and Omega Roofing Inc. (hereinafter referred to as the "CLIENT") this 19th day of June 2026 based upon the terms and conditions set forth below.

I. RETENTION. CLIENT hereby retains the ATTORNEY with respect to the bankruptcy proceeding in the United States Bankruptcy Court (hereinafter referred to as the "Court") where the CLIENT is or will be a party, and the CLIENT's creditors, lienholders, the United States Trustee or his appointee, and other persons or entities in interest, are or will be the other parties. CLIENT authorizes the ATTORNEY to do and to perform all acts on the CLIENT's behalf which are necessary and appropriate to this representation.

II. LEGAL SERVICES RENDERED. The legal services rendered or to be rendered by the ATTORNEY to, for and on behalf of the CLIENT include the following:

A. Analysis of the CLIENT's financial position.

B. Advice and assistance to the CLIENT in determining whether to file a Chapter 11 Petition for Relief in bankruptcy under the of the laws of the United States, Title 11, United States Code (hereinafter referred to as the "Bankruptcy Code").

C. Preparation and filing of the Chapter 11 Bankruptcy Petition, Schedules, Statement of Financial Affairs, Statement of Current Monthly Income, Statement of 20 Largest Unsecured Creditors, Disclosure Statement, Chapter 11 Plan of Reorganization and other documents, pleadings, motions, notices, statements, instruments and reports accompanying the Bankruptcy Petition at or subsequent to the time of filing of the Bankruptcy Case as required by the Court. CLIENT acknowledges, understands and agrees that a Chapter 11 Reorganization Bankruptcy may be a long process and that significant and extensive court litigation will likely occur.

D. Representation of the CLIENT at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof.

E. Representation of the CLIENT in adversary proceedings and other contested bankruptcy matters.

III. ATTORNEY'S FEES AND COSTS.

A. CLIENT acknowledges, understands and agrees to pay the ATTORNEY the sum of $6000- as a *FULLY PAID NON-REFUNDABLE* flat retainer fee as partial compensation for the legal services set forth above in paragraph II and the filing fees, costs and expenses incurred upon execution of this Agreement prior to and after the filing of the Chapter 11 Bankruptcy Petition with the Court.

B. CLIENT acknowledges, understands and agrees to pay the ATTORNEY all sums as allowed by the bankruptcy court after submission and approval of the ATTORNEY's application for ATTORNEY's fees, costs and expenses.

C. In the event that the CLIENT has not paid the *NON-REFUNDABLE* flat retainer fee in full to the ATTORNEY at the time that this Agreement is executed by the CLIENT and the ATTORNEY, then any payments due and owing to the ATTORNEY shall be applied first to satisfy in full any ATTORNEY's fees due and owing to the ATTORNEY and then, upon accord and satisfaction of the CLIENT's obligation to pay the ATTORNEY's fees, toward the Court's filing fees and any other fees, costs and expenses.

D. CLIENT agrees to pay the ATTORNEY at the rate of $ 450.00 per hour for all ATTORNEY services and $100.00 per hour for all paralegal services (not secretarial services).

IV. RIGHT TO WITHDRAW. CLIENT acknowledges, understands and agrees that the ATTORNEY shall have the right to withdraw from representation of the CLIENT in the Bankruptcy Case in the event that the CLIENT does not make the payments required by this Agreement, the CLIENT has misrepresented material facts to the ATTORNEY or the CLIENT fails to follow the ATTORNEY's advice and instructions. In any of these events the CLIENT agrees to execute such documents as will permit the ATTORNEY to withdraw from representation of the CLIENT.

V. REPRESENTATIONS BY ATTORNEY. CLIENT acknowledges, understands and agrees that the ATTORNEY has made no promises, warranties or guarantees concerning the outcome of the Bankruptcy Case. All expressions which relate to the possible results in the Bankruptcy Case are based strictly on the ATTORNEY's opinion at the time this Agreement is entered into between the ATTORNEY and the CLIENT.

VI. ADDRESS – TELEPHONE NUMBER CHANGES. CLIENT acknowledges, understands and agrees that the CLIENT shall immediately notify the ATTORNEY in writing of any change in the CLIENT's residence address, residence telephone number, cellular telephone number, facsimile machine number, electronic mail address, electronic Internet website address, employment address, employment telephone number, and employment fax number until such time as the Court issues a final decree closing the Bankruptcy Case, the ATTORNEY withdraws from representation of the CLIENT or the CLIENT disengages the services of the ATTORNEY.

VII. DISCLOSURE OF ALL LOANS, DEBTS, PROPERTY, INCOME, EXPENSES, BENEFITS, LEASES AND CONTRACTS. CLIENT declares and affirms that he has disclosed all liabilities, loans, debts, assets, property, revenues, income, expenses, benefits, leases and contracts to the ATTORNEY wherever located, by whomever held or made, and from whatever source.

VIII. NON-DISCHARGEABLE DEBTS. CLIENT declares and affirms that he has disclosed to the ATTORNEY all taxes, debts, benefit overpayments, fines, restitution and filing fees owed to any governmental unit or court, all student loans, debts or benefit overpayments owed to any school, educational institution, college, university, academy conservatory, seminary, or lyceum that are made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non-profit institution, all debts owed to another for death or personal injury caused by CLIENT's operation of a motor vehicle while intoxicated, all debts incurred through fraud, defalcation, embezzlement, larceny or willful injury to another, and all debts for domestic support obligations including child support, alimony and property settlements incurred in dissolution of marriage or other family court cases. CLIENT acknowledges, understands and agrees that such debts including taxes for which the CLIENT made a fraudulent tax return or willfully attempted in any manner to evade or defeat payment of such taxes are not dischargeable in the Bankruptcy Case and the CLIENT may owe such debts after issuance of a discharge order in the Bankruptcy Case. CLIENT acknowledges, understands and agrees that dischargeability of some taxes may be accomplished through the Bankruptcy Case but that not all taxes owed may be

discharged at the end of the Bankruptcy Case and that the CLIENT may still owe such taxes after the Bankruptcy Case has been discharged and closed.

IX. NO RIGHT TO VOLUNTARY DISMISSAL OF CHAPTER 11 BANKRUPTCY CASE. CLIENT acknowledges, understands and agrees that the CLIENT does not have the right to voluntarily dismiss the Bankruptcy Case although such request for voluntary dismissal may be made by the CLIENT, and that any dismissal decision is solely within the discretion of the Court.

X. CONVERSION OF BANKRUPTCY CASE TO ANOTHER BANKRUPTCY CHAPTER. CLIENT acknowledges, understands and agrees that the CLIENT, the Office of the United States Trustee, any creditor or other interested party may request that the Chapter 11 Bankruptcy Case be converted to another chapter of the Bankruptcy Code including Chapter 7, 12 or 13, and that the Chapter 11 Bankruptcy Case may be converted to another chapter of the Bankruptcy Code by the Court notwithstanding the CLIENT's objection to the conversion to another chapter.

XI. PERSONAL CHECKS. CLIENT acknowledges, understands and agrees that in the event the CLIENT is paying either the ATTORNEY's fees or costs or expenses with a personal or business check or other non–certified funds, then the Bankruptcy Petition or other documents, instruments or papers shall not be filed with the Court prior to ten (10) days subsequent to the date that the check or other non-certified funds are deposited with the ATTORNEY's financial institution.

XII. TIME. CLIENT acknowledges, understands and agrees that under the terms and conditions of this Agreement, time is of the essence.

## WARNING

*THIS IS A LEGAL, BINDING CONTRACT. BEFORE SIGNING PLEASE READ IT CAREFULLY AND BE SURE YOU UNDERSTAND ALL OF ITS CONTENTS. IF THERE IS ANYTHING YOU DO NOT UNDERSTAND, ASK ABOUT IT AND I WILL GIVE YOU A FULL EXPLANATION!*

READ, UNDERSTOOD and AGREED:

Dated: 06/19/2026

PETER SPINDEL, ESQ.

Dated:

Pres

CLIENT

CLIENT

\BR\RETAINER11.BR
03/21/21